JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHARON WOODEN, et al.,                  )    Case No. CV 17-0021 FMO (PJWx)
                                        )
                    Plaintiffs,         )
                                        )
          v.                            )    **ORDER REMANDING ACTION**
                                        )
ANDREA WOODEN, et al.,                  )
                                        )
                    Defendants.         )
                                        )
_____ )

Plaintiffs Sharon Wooden and Charlene Kobrine (collectively, "plaintiffs") filed a Complaint in the Los Angeles County Superior Court against defendants Andrea Wooden ("Wooden") and Carol Mason ("Mason") (collectively, "defendants") on an unknown date in February 2016.[1] (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1). On January 3, 2017, defendant Mason removed the action to this court on diversity jurisdiction grounds under 28 U.S.C. § 1332. (See id. at ¶ 5).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126

---

[1] The date on which the Complaint was filed is unknown because Mason did not submit a copy of the Complaint to this court as required by 28 U.S.C. § 1446(a).

1   S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before

2   proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119

3   S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H

4   Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

5        "The right of removal is entirely a creature of statute and a suit commenced in a state court

6   must remain there until cause is shown for its transfer under some act of Congress."  Syngenta

7   Crop Protection, Inc.  v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation

8   marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless

9   otherwise stated, are strictly construed against removal jurisdiction.[2]  See id.  Unless otherwise

10  expressly provided by Congress, "any civil action brought in a State court of which the district

11  courts of the United States have original jurisdiction, may be removed by the defendant or the

12  defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252

13  (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is

14  proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per

15  curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the

16  removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong

17  presumption against removal jurisdiction means that the defendant always has the burden of

18  establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any

19  doubt regarding the existence of subject matter  jurisdiction, the court must resolve those doubts

20  in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction

21  must be rejected if there is any doubt as to the right of removal in the first instance.").

22       "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that

23  provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies

24  in the federal courts."  Syngenta Crop Protection, 537 U.S. at 33, 123 S.Ct.  at 370.  Failure to do

25  so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and.

26  _____

27       [2]  For example, an "antiremoval presumption" does not exist in cases removed pursuant to the
    Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating
28  Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

1    . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n, Inc.

2    v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Indeed, "[i]f at any time before final

3    judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

4    remanded." 28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2

5    (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a

6    waivable matter and may be raised at anytime by one of the parties, by motion or in the

7    responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel

8    Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (holding that a district court may remand an

9    action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

10   The court's review of the NOR makes clear that Mason has failed to meet her burden of

11   establishing that removal is proper. See Abrego Abrego, 443 F.3d at 684. As a preliminary

12   matter, Mason failed to comply with the removal procedure set forth in 28 U.S.C. § 1446(a).

13   Under that statute, "[a] defendant . . . desiring to remove any civil action from a State court shall

14   file in the district court . . . a notice of removal . . . together with a copy of all process, pleadings,

15   and orders served upon such defendant[.]" Id. Mason filed a notice of removal, (see Dkt. 1,

16   NOR), but did not file any of the other required materials, including the original Complaint filed in

17   state court. (See, generally, Dkt.). While "the district court cannot remand sua sponte for defects

18   in removal procedure[,]" see Kelton Arms, 346 F.3d at 1193, remand is appropriate where the

19   removing party's "failure to attach a copy of the complaint (or other initial pleading) from the state

20   action . . . deprive[s] the Court of any opportunity to evaluate the propriety of her assertion of

21   federal jurisdiction[.]" Pellegrini v. Fresno Super. Ct., 2015 WL 6167523, *2 (E.D. Cal. 2015).

22   Here, without submitting a copy of the Complaint, Mason fails to establish that this action

23   "originally could have been filed in federal court[.]" Caterpillar, Inc. v. Williams, 482 U.S. 386, 392,

24   107 S.Ct. 2425, 2429 (1987). When federal subject matter jurisdiction is predicated on diversity

25   of citizenship pursuant to 28 U.S.C. 1332(a),[3] complete diversity must exist between the opposing

26   _____

27       [3]  In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original

28   jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
     $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

1  parties.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the

2  diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is

3  diverse from the citizenship of each defendant").  Mason contends that complete diversity exists

4  because "[a]ll cross-complaintives[4] are citizens of California[,]" (see Dkt. 1, NOR at ¶ 6), while

5  "[d]efendant Carol Mason is a citizen of Nevada[.]"  (See id. at ¶ 7).  However, Mason fails to set

6  forth the citizenship of her co-defendant, Andrea Wooden.[5]  (See, generally, id.).  As a result,

7  Mason has failed to show that complete diversity of the parties exists.

8       Further, "[w]here it is not facially evident from the complaint that more than $75,000 is in

9  controversy, the removing party must prove, by a preponderance of the evidence, that the amount

10 in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319

11 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  Here, the amount of damages sought by plaintiffs

12 cannot be determined from the Complaint as Mason did not submit it for the court's review.  (See,

13 generally, Dkt.).  In the NOR, Mason alleges in a conclusory fashion that "the amount in

14 controversy exceeds $75,000," (see Dkt. 1, NOR at ¶ 5), and that "[c]ross-complaintives are

15 seeking damages in excess of $75,000[,]" (see id. at ¶ 8), but she does not provide any facts to

16 support this calculation.  (See, generally, id.).  In fact, Mason does not even identify the nature of

17 the action or the type of damages that plaintiffs seek.  (See, generally, id.).  "Bald assertions"

18 regarding the amount in controversy "are simply not enough" to establish that removal is proper.

19 See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011); see also Valdez v. Allstate

20

21       [4] The court assumes that Mason's use of the term "cross-complaintives" was meant to signify

22 plaintiffs Sharon Wooden and Charlene Kobrine.

23       [5] "[T]he usual rule is that all defendants in an action in a state court must join in a petition for
   removal[.]"  United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002).

24 Wooden did not join in Mason's NOR.  (See, generally, Dkt. 1, NOR).  Instead, Mason asserts
   that, "[u]pon information and belie[f], co-defendant Andrea Wooden will support and not oppose

25 or object to removal."  (Id. at ¶ 11).  Given that "[t]he removing party has the burden of affirmatively
   explaining the absence of any co-defendants in the event that fewer than all co-defendants have

26 joined in a removal action[,]" Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F.Supp.2d 1050, 1052
   (N.D. Cal. 2009), aff'd, 409 F.App'x 70, 72 (9th Cir. 2010), Mason's assertion on information and

27 belief fails to satisfy the procedural requirements for removal.  See id. ("In the Ninth Circuit,
   removal is procedurally defective if there is a lack of 'unanimity' between co-defendants.").

28

1    Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("To discharge its burden, [the removing party]

2    need[s] to provide evidence establishing that it is more likely than not that the amount in

3    controversy exceeds [$75,000].") (internal quotation marks omitted).

4         In short, although Mason seeks only to invoke the court's diversity jurisdiction, (see Dkt. 1,

5    NOR at ¶ 5), she does not competently allege facts supplying diversity jurisdiction. See 28 U.S.C.

6    § 1332(a).  Given that any doubt regarding the existence of subject matter jurisdiction must be

7    resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

8    not persuaded, under the circumstances here, that defendant has met her burden of establishing

9    that removal is proper.

10        **This order is not intended for publication. Nor is it intended to be included in or**

11   **submitted to any online service such as Westlaw or Lexis.**

12        Based on the foregoing, IT IS ORDERED THAT:

13        1.  The above-captioned action shall be **remanded** to the Superior Court of the State of

14   California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of

15   subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

16        2.  The Clerk shall send a certified copy of this Order to the state court.

17   Dated this 27th day of January, 2017.

18                                                    /s/
                                              _____
19                                                  Fernando M. Olguin
                                              United States District Judge

20

21

22

23

24

25

26

27

28